UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JENNIFER AMACHER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-52-SKL |
| | ) | |
| CITY OF TULLAHOMA, TENNESSEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' joint motion to stay all deadlines set forth in the Court's Scheduling Order pending the outcome of mediation [Doc. 25]. On October 12, 2016, the Court granted the parties' request for judicially-hosted mediation pursuant to 28 U.S.C. § 653(b) [Doc. 24], and the mediation is currently scheduled for December 7, 2016. In the pending motion, which was not filed until October 31, 2016, the deadline for completing all discovery, the parties claim that discovery is not complete because Plaintiff has declined to authorize the release of certain mental health records and Plaintiff's counsel has declined to permit Plaintiff to be deposed due to pending criminal charges against Plaintiff [Doc. 25 at Page ID # 73]. No attempt was made by the parties to address this issue prior to the expiration of the discovery deadline. The parties state that, if the matter is not resolved during the December 7, 2016 mediation, the parties will require an amended scheduling order since discovery is not complete [*id.*].

If the parties are unable to resolve this matter during judicially-hosted mediation, it appears that issues that may have made it difficult for Plaintiff to engage in certain discovery in this matter will continue to exist. The parties have not presented any information suggesting that Plaintiff's pending criminal matters are related to, or part of, Plaintiff's civil case against Defendant. As a result, there is nothing pending before the Court at this time that would justify staying the civil case indefinitely or waiting until after the mediation to amend the Scheduling Order.

Accordingly, the parties' joint motion is **GRANTED IN PART AND DENIED IN PART**, and the Court's Scheduling Order [Doc. 21] is amended as follows:

    *5.*    *Disclosure and Discovery*:

        (f)    *Final Witness List*: On or before **January 3, 2017**, the parties shall provide to all other parties and file with the Court a final witness list in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i). Within five (5) days after service of this final witness list, the list may be supplemented. After that time, the list may be supplemented only with leave of the court and for good cause.

        (g)    *All Discovery*: All discovery undertaken pursuant to Fed. R. Civ. P. 26 through 37, including without limitation the taking of depositions "for evidence" and requests for admissions, shall be completed by **January 17, 2017**.

        (h)    *Pretrial Disclosures*: On or before **February 14, 2017**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A) (ii) and (iii). (Deposition testimony and exhibit list). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

    *6*.    *Other Scheduling Matters*:

    (b)    *Dispositive Motions*: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **January 31, 2017**. The failure to timely file such motions will be grounds to summarily deny them.

        (c)    *Motions in Limine*: Any motions in limine must be filed no later than **March 21, 2017**. Any response to a motion in limine will be due within **five (5) days**. Any reply will be due within **two (2) days** after the response is filed.

2

Case 4:15-cv-00052-SKL Document 26 Filed 11/08/16 Page 2 of 4 PageID #: 77

(d)     ***Special Requests to Instruct for Jury Trial***: Pursuant to Local Rule 51.1, requests for jury instructions shall be submitted to the Court no later than **March 21, 2017**, and shall be supported by citations of authority pursuant to Local Rule 7.4. A copy of the prepared jury instructions should be sent as an electronic mail attachment to *lee_chambers@tned.uscourts.gov*.

The parties shall confer and submit a joint proposal for jury instructions to the extent possible. Before submitting proposed instructions to the Court, the parties must attempt to resolve any disagreements. If not submitted jointly, each set of proposed instructions must include a certification that the movant has in good faith conferred or attempted to confer with the other parties in an effort to resolve any disputed instructions.

The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury; therefore, all proposed jury instructions must follow their form of the pattern instructions. The parties shall not submit proposed instructions for matters common to both civil and criminal cases and covered by the pattern instructions unless they seek to depart from those standard instructions.

**7.     *Final Pretrial Conference*:**

(a)     A final pretrial conference will be held in this case on **April 4, 2017** at **2:00 p.m. [EASTERN]** before United States Magistrate Judge Susan K. Lee, Room 401 U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. **All lawyers who plan to participate in the trial must be present <u>in person</u> at the final pretrial conference.** The parties shall prepare and submit a final pretrial order to the Court **at least two business days prior** to the final pretrial conference.

(b)     The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the Clerk the jury list and any copies made from the jury list or destroy them.

**8**.     ***Trial***: The trial of this case will be held before United States Magistrate Judge Susan K. Lee **with a jury** beginning on **April 18, 2017**. The trial is expected to last **four (4)** days. Counsel shall be present at **8:30 a.m. [EASTERN]** to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at **9:00 a.m. [EASTERN]** on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date. **SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.**

All other deadlines in the Scheduling Order [Doc. 21] **SHALL** remain unchanged.[1]

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties are unavailable for the rescheduled final pretrial conference and trial dates, the parties are **DIRECTED** to confer and email the Court at *lee_chambers@tned.uscourts.gov* with several proposed alternative dates when both parties are available for the final pretrial conference and/or the trial.